**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

F I L E D

November 23, 1998

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| JERRY LYNN SHORTER, | ) C/A NO. 03A01-9802-DR-00054 |
| | ) |
| Appellee, | ) MORRISOWN DOMESTIC RELATIONS |
| | ) |
| v. | ) HON. JOYCE M. WARD, |
| | ) JUDGE |
| MARGARET MAE SHORTER, | ) |
| | ) AFFIRMED AS |
| Appellant. | ) MODIFIED |

JERRY LYNN SHORTER, pro se..

DENISE TERRY STAPLETON, TERRY, TERRY & STAPLETON, Morristown, for Appellant.

**O P I N I O N**

Franks, J.

In this divorce action the Trial Court decreed the parties' separate marital property, divided the marital estate, and granted the parties a divorce pursuant to T.C.A. §36-4-129(b).

The wife has appealed and raises these issues:

1.      The Court erred in not awarding alimony.

2.      The Court erred in not equitably dividing the marital estate; and

3.      The Court erred in not making an equitable distribution of the husband's military retirement.

The parties were married in 1980 while the husband was in the United States Air Force, and separated in September 1993 in Frankfurt, Germany, where the husband was stationed. No children were born of this marriage, but the wife had a son by a previous marriage.

The parties traveled extensively during the marriage, due to the husband's career. In 1991, while the parties were in Florida, they separated and the wife filed for a divorce, but the parties reconciled and moved to Germany to further the husband's career. The husband returned to the United States in 1995, while the wife remained in Germany.

The wife has a high school education, and when the parties were first married the wife worked in a clothing factory and at a convenience store. While the parties were in Germany, the wife became employed as a civilian with the Department of Defense, where she works in the produce department of the commissary. She earns $10.29 per hour at this job and receives a housing allowance from the government. The husband retired from the military in June of 1996, after a 20 year career in the military, and receives a retirement benefit of $1,138.00 per month for the remainder of his life. He now works for the Department of Defense in California, where according to the evidence his take home pay is $1,187.00 every two weeks, based on $23.25 per hour.

The Trial Court refused to award alimony on the basis that the parties have been living apart and both were self-supporting. The wife insists that rehabilitative alimony should have been awarded, and we agree.

While Trial Courts have broad discretion as to whether to award alimony, *Lloyd v. Lloyd*, 860 S.W.2d 409, 412 (Tenn. App. 1993), where a spouse is economically disadvantaged, rehabilitative alimony is appropriate, if rehabilitation is feasible. T.C.A. §36-5-101.

2

The wife is economically disadvantaged compared to her husband. The parties were married for sixteen years, and during most of the marriage the wife followed the husband around the world in furtherance of the husband's military career. She followed him to Germany, where she still remains, because she has a job there, but she has not been able to acquire any specialized training in part, due to her frequent moves. Currently she works as a clerk for the produce department of the commissary in Frankfurt, Germany, earning $10.29 an hour. She lives in government housing which has government furniture. She does not have any family in Germany and wishes to return to the United States, but she opined that she did not believe she could find a comparable job in the United States. We believe rehabilitative alimony is appropriate to enable her to learn a skill which would materially aid her in finding employment in the United States to support her needs. Accordingly, upon remand, an order will be entered awarding the wife rehabilitative alimony for a period of 36 months at $500.00 per month.

Next, the wife contends that the division of the marital estate was inequitable. The Trial Court was required to make an equitable division of the marital property, which is not necessarily an equal division. *See Watters v. Watters*, 959 S.W.2d 585, 591 (Tenn. App. 1997). The Trial Court stated that it intended to essentially make an equal division of the marital property, and concluded that such division would be equitable. Both parties offered opinions of the value of the several items of marital property which differed in amount. The Trial Court, with the exception of automobiles, did not place a dollar value on the respective items of marital property awarded to each party. Using the husband's value of assets, the husband was awarded property in the amount of $92,511.00. Using the wife's value of the assets, the husband was awarded property valued at $95,136.00. Using the

3

wife's valuation but adding in the wife's retirement account, which was not listed but properly a part of the marital estate, the wife was awarded property in the amount of $85,188.00, and using the husband's evaluation, including the retirement account, she was awarded $94,988.00. We conclude that the marital settlement made by the Trial Judge was equitable, and we decline to make any adjustments in these awards.

Finally, the wife argues that she did not receive an equitable distribution of the husband's military retirement. Vested retirement plans constitute marital property, subject to equitable distribution. *Cohen v. Cohen*, 937 S.W.2d 823, 825 (Tenn. 1996). Only rights which accrue during the marriage will be considered marital property. *Kendrick*, 902 S.W.2d 926, T.C.A. §36-4-121(b)(1)(B). Pension rights must be valued "as of a date as near as possible to the final divorce hearing date". *Kendrick* at 927, T.C.A. §36-4-121(b)(1)(A). The Trial Court, in awarding the wife 25% of the pension benefits, found that the parties had lived together as man and wife for approximately ten of the twenty years the husband was in the military, and awarded the wife 50% of the benefits accruing during that time period. The wife argues pension rights accrued during the sixteen years they were married, and that those pension rights should be considered marital property. We agree with the wife that all pension rights accruing during a marriage are classified as marital property. *See Kendrick*, 902 S.W.2d at 926. However, after the marital property classification is determined, the remaining issue is what is an equitable division of that portion of the marital property. We cannot say the Trial Judge abused her discretion as a matter of equity, in not awarding one-half of the pension which accrued during the marriage, since arguably the wife was making no contribution to the marriage during the years they were living apart. Accordingly, we affirm the Trial Judge on this issue.

We affirm the judgment of the Trial Court, as modified, and remand with one-half of the cost assessed to each party.

4

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.